Monske Will.

Argued January 10, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*James K. Peck, Jr.,* with him *James K. Peck,* for appellant.

*Edward T. Jordan,* for appellee.

OPINION PER CURIAM, March 13, 1961:

A paper writing alleged to be the last will of Gustave Monske, deceased, was offered for probate to the Register of Wills of Lackawanna County who issued letters of administration c. t. a. thereon to the Northeastern Pennsylvania National Bank and Trust Company. No appeal was taken from the probate of the alleged will.

At the audit of the administrator's first and final account, a petition for distribution requested the court to construe the probated paper. Counsel for all parties in interest agreed that the sole question before the court was whether the writing constituted the last will and testament of the decedent. The auditing judge,

Hon. JAMES F. BRADY, adjudged the document not to be testamentary in character and directed that it be set aside and annulled. At the same time the auditing judge ordered distribution of the net estate, available for such purpose, to the decedent's heirs or next of kin under the intestate law and entered a decree nisi to that end.

The sole claimant of the estate under the alleged will filed exceptions to the adjudication and decree, which exceptions remained undisposed of at the time of Judge BRADY'S sudden and unexpected death. The exceptions were reargued before Judge SIROTNAK, the successor Orphans' Court Judge of the 45th Judicial District, who duly entered a final decree dismissing the exceptions and confirming absolutely the adjudication and decree of distribution theretofore entered. In support of this action, the court relied on the following cogent reasoning of Judge BRADY, "It is true that the form of the instrument is immaterial if the substance is testamentary. The paper before us is neither testamentary in form nor in substance. A sensible and realistic view of the document compels the finding it is without animus testandi and is no more than a collection of notes, memoranda and reminders for decedent's use at a future date."

With that conclusion we are in complete accord.

Decree affirmed at appellant's costs.